**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MONICA R. HAWKINS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:12-CV-1469-P** |
| | ) | |
| **RNB SMOOTH 105.7,** | ) | |
| **Defendant.** | ) | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff filed this unspecified complaint against Defendant RNB Smooth 105.7.  Plaintiff is proceeding *pro se* and the Court has granted her leave to proceed *in forma pauperis*.  The Court has not issued process pending judicial screening.

Plaintiff states Defendant hacked into her phone to listen to her conversations.  She states Defendant has people follow her around to see what she purchases and what her hair looks like.  She claims Defendant informs her family that her hair is falling out.  She states Defendant stole her identity and that her itunes account is being watched.

## SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28

U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise

a right to relief above the speculative level . . . ."  *Id.* at 555.  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged.*"  Ashcroft v. Iqbal*, 556 U.S. 162, 129

S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the

plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff's complaint recites fantastic charges which are fanciful and delusional in nature.

Such a suit is frivolous and dismissal is warranted under these circumstances.  *See, e.g.,*

*Patterson v. U.S. Government*, No. 3:08-CV-1730-K, 2008 WL 5061800 (N.D. Tex. Nov. 25,

2008) (dismissing complaint alleging  that plaintiff received messages through the television to

return to her husband, that she was being tracked by a remote control bracelet and that someone

at a family crisis center threatened to put her in a dungeon); *Melton v. American Civil Liberties*

*Union*, No. 3:07-CV-856-M, 2007 WL 2263953 (N.D. Tex. Jul. 30, 2007) (dismissing complaint

alleging ACLU and its attorneys, acting as Russian agents, violated plaintiff's civil rights by

using the courts to attack the United States Constitution and set up a Communist government);

*Daniel v. FBI*, No. 3:03-CV-1281-N, 2003 WL 21436479 (N.D. Tex. Jun. 17, 2003), *rec.*

*adopted*, 2003 WL 21555130 (N.D. Tex. Jul. 8, 2003) (dismissing complaint alleging that FBI

stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for

President of the United States).  The Court recommends that Plaintiff's complaint be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §

1915(e)(2).

Signed this 1st day of August, 2012.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).